**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIVEBYTHEPARK PALM SPRINGS, LP, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ARCH SPECIALTY INSURANCE COMPANY, a Wisconsin Corporation, <br><br> Defendant - Appellee. | No. 09-56296 <br><br> D.C. No. 5:09-cv-00467-VAP-OP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted December 6, 2010[**]
Pasadena, California

Before: TROTT and WARDLAW, Circuit Judges, and BREWSTER, Senior
District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Rudi M. Brewster, Senior United States District Judge
for the Southern District of California, sitting by designation.

Because the parties are familiar with the underlying facts, we repeat only those necessary to our decision.

Appellee had a duty to defend the Thompson action for negligently failing to provide adequate security. The attacker falsely imprisoned the tenant, however briefly, in the elevator before and distinct from the assault. The imprisonment began the moment the attacker stopped the elevator and continued throughout the entire subsequent assault, battery, and attempted rape, until he pushed the tenant out of the elevator.[1] A reasonable layperson reading the policy would believe it covered a false imprisonment claim that preceded an assault. *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1083-84 (1993); *General Ins. Co. v. Am. Safety Indem. Co.*, 185 Cal. App. 4th 1515 (2010); *see Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317 (11th Cir. 2005); *Ledbetter v. Concord General Corp.*, 665 So.2d 1166 (Sup. Ct. La. 1996). Thus, Appellee's reliance on the assault and battery exclusion fails.

The Court rejects Appellee's conclusory argument that the policy would cover a false imprisonment only if committed by the insured. Appellee does not cite any language in the policy to support that view. In any event, the argument fails because the tenant alleged that all of her injuries arose out of the landlord's

---

[1]The attacker entered a guilty plea to false imprisonment.

failure to respond to the complaint that an "unkempt transient" was loitering on the grounds.  *See Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 317 (2010).

REVERSED AND REMANDED.